HUEBNER, Appellant,

v.

MILES et al., Appellees.

[Cite as *Huebner v. Miles* (1993), 92 Ohio App.3d 493.]

Court of Appeals of Ohio,
Madison County.

No. CA93–06–017.

Decided Dec. 13, 1993.

*David A. Huebner, pro se.*

*Ronald C. Parsons,* West Jefferson Law Director, for appellees.

---

*Per Curiam.*

Plaintiff-appellant, David A. Huebner, appeals a decision of the Madison County Court of Common Pleas granting judgment in favor of the village of West

Jefferson and James Miles, the Mayor of the village of West Jefferson (collectively "the village").

On July 16, 1984, the village council repealed village Ordinance 72–1700, Section 72.31 which gave village taxpayers credit against their tax liability for taxes paid to other municipalities. In November 1988, the voters of the village voted to reinstate Ordinance 72–1700, Section 72.31. Subsequently, on January 2, 1990, the village council adopted emergency Ordinance 90–07, which provides:

"BE IT ORDAINED by the Council, Village of Jefferson, County of Madison, State of Ohio, that

"SECTION I: Be it ordained that Section 72.31 of Ordinance 72–1700 as reinstated by an ordinance passed by Initiative Petition in the November, 1988 election is hereby repealed.

"SECTION II: That this ordinance shall be deemed an emergency measure, necessary for the immediate preservation of the public welfare for the reason that the Village needs to raise additional revenue, so as to be able to continue to provide vital services to the Village residents."

On October 27, 1992, appellant, *pro se*, filed a complaint for declaratory judgment in which he alleged that emergency Ordinance 90–07 is unconstitutional and that it was not passed in accordance with the provisions of the Ohio Revised Code. Appellant filed his complaint after the village tried to collect taxes related to rental property he owns. Following a hearing, the trial court concluded that Ordinance 90–07 was validly enacted and entered judgment in favor of the village. This appeal followed.

Appellant presents seven assignments of error for review as follows:

"Assignment of Error No. 1:

"The Trial Court erred in ruling [that] the village emergency ordinance 90–07 was valid, when in fact it is void ab initio [*sic*].

"Assignment of Error No. 2:

"The Trial Court erred [because] alleged ordinance 90–07 fails to contain the section being repealed and said ordinance does not have a vailed [*sic*] certification of publication.

"Assignment of Error No. 3:

"The Trial Court erred[:] Appellees alleged survey is invailed [*sic*] because appellees failed to follow the statutory requirements according to (R.C. 711.0 to 711.40) [*sic*].

"Assignment of Error No. 4:

"The Trial Court prejudice[d] appellant's case, (a), by going forward with the trial because appellant had no discovery on appellees' alleged survey, (b) Robert Thompson's testimony is hearsay [and] his alleged survey is a sham [*sic*].

"Assignment of Error No. 5:

"The Trial Court erred [because] appellees' alleged survey is fruit of the poisonous tree. Appellees' employees trespassed on appellant's property [*sic*].

"Assignment of Error No. 6:

"The Trial Court erred [because] appellant's property was never annexed into appellees' village, the doctrine of adverse possession should apply [*sic*].

"Assignment of Error No. 7:

"The Trial Court [was] prejudice[d] [because] the Trial Court opened up a 10 day time frame to file other paper work but the court ruled on the case 9 days later. Appellant was not given a change to rebut appellees' new evidence [*sic*]."

■ In his first assignment of error, appellant argues that Ordinance 90–07 is not a valid emergency ordinance since it did not state the reason for its necessity as required by R.C. 731.30. Appellant also argues that the ordinance did not state the "object of the tax" or where the tax would be applied as required by Section 5, Article XII of the Ohio Constitution. We find this assignment of error is not well taken.

■ R.C. 731.30 provides in pertinent part:

"[E]mergency ordinances or measures necessary for the immediate preservation of the public peace, health, or safety in such municipal corporation, shall go into immediate effect. Such emergency ordinances or measures must, upon a yea or nay vote, receive a two-thirds vote of all the members elected to the legislative authority, and the reasons for such necessity shall be set forth in one section of the ordinance or other measure."

The duty to set forth the reasons for an emergency ordinance is mandatory, and the failure to do so will prevent the ordinance from taking immediate effect. *State ex rel. Moore v. Abrams* (1991), 62 Ohio St.3d 130, 132–133, 580 N.E.2d 11, 12–13; *Youngstown v. Aiello* (1951), 156 Ohio St. 32, 45 O.O. 45, 100 N.E.2d 62, paragraph two of the syllabus. Purely conclusory, tautological or illusory language in an emergency measure does not meet the requirements of R.C. 731.30. *State ex rel. Emrick v. Wasson* (1990), 62 Ohio App.3d 498, 505, 576 N.E.2d 814, 818–819. However, "[w]here an ordinance, passed by the council of a municipality, is declared to be an emergency measure in accordance with that municipality's laws and sets forth the reasons for the immediate necessity thereof, the legislative determination of the existence of an emergency is not reviewable by a court."

*Jurcisin v. Cuyahoga Cty. Bd. of Elections* (1988), 35 Ohio St.3d 137, 519 N.E.2d 347, paragraph three of the syllabus.

In the present case, the ordinance stated that the emergency legislation was necessary because "the Village needs to raise additional revenue, so as to be able to continue to provide vital services to the Village residents." While the ordinance could have been more specific, we believe this statement is sufficient to meet the requirements of R.C. 731.30. It is not so vague that it fails to apprise voters " 'that their representatives did have valid reasons for the necessity of declaring that the ordinance was an emergency.' " *Moore, supra*, 62 Ohio St.3d at 133, 580 N.E.2d at 12, quoting *State ex rel. Fostoria v. King* (1950), 154 Ohio St. 213, 220–221, 43 O.O. 1, 4, 94 N.E.2d 697, 700–701. See, also, *Burton v. Middletown* (1982), 4 Ohio App.3d 114, 117–118, 4 OBR 205, 207–209, 446 N.E.2d 793, 797–799.

■ Appellant further claims that the ordinance violates Section 5, Article XII of the Ohio Constitution, which provides that "every law imposing a tax shall state, distinctly, the object of the same, to which only, it shall be applied." However, appellant never raised the issue in the trial court. Errors which are not brought to the attention of the trial court, even if they involve constitutional issues, are waived and need not be addressed if raised for the first time on appeal. *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 82, 523 N.E.2d 851, 853–854; *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 124, 322 N.E.2d 629, 630–631. Accordingly, appellant's first assignment of error is overruled.

■ In his second assignment of error, appellant argues that Ordinance 90–07 is void because it fails to contain the section being repealed as required by R.C. 731.19. Appellant further argues that it was not properly published as required by R.C. 731.25. We find this assignment of error is not well taken.

R.C. 731.19 states that "[n]o bylaw or ordinance, or section thereof, shall be revived or amended, unless the new bylaw or ordinance contains the entire bylaws, ordinance, or section revived or amended, and the bylaw, ordinance or section so amended shall be repealed." Ordinance 90–07 simply repeals another ordinance. It does not revive or amend any bylaw or ordinance and therefore R.C. 731.19 does not apply. See *Lennar Corp. v. Vandalia* (Mar. 1, 1989), Montgomery App. No. 11265, unreported, 1989 WL 18688.

■ Appellant further argues that the ordinance does not have a valid certificate of publication as required by R.C. 731.25, which provides:

"[I]n municipal corporations in which no newspaper is published, publication of ordinances, and resolutions, or summaries of ordinances and resolutions, and publication of all statements, orders, proclamations, notices, and reports, required

by law or ordinance to be published, shall be accomplished in either of the following methods, as determined by the legislative authority:

"(A) By posting copies in not less than five of the most public places in the municipal corporation, as determined by the legislative authority, for a period of not less than fifteen days prior to the effective date thereof;

" * * *

"Where such publication is by posting, the clerk shall make a certificate as to such posting, and as to the times when and the places where such posting is done, in the manner provided in section 731.24 of the Revised Code, and such certificate shall be prima-facie evidence that the copies were posted as required."

Showing that no publication or posting was made as required by R.C. 731.21 through 731.25 is a defense to any suit or prosecution under an ordinance. R.C. 731.26; *Tirpack v. Maro* (1967), 9 Ohio App.2d 76, 78, 38 O.O.2d 73, 74, 222 N.E.2d 830, 831–832.

The certificate for Ordinance 90–07 was apparently made from a rubber stamp stamped at the bottom of the ordinance. The stamp left blanks for the clerk to fill in and to sign. The clerk, Eleanor J. Baker, signed the certificate but neglected to fill in her name or the date posting commenced. Therefore, the certificate read as follows:

"I, _____, Clerk of Village of Jefferson, do hereby certify as correct the foregoing Ordinance as adopted 1–2–90.

"I further certify the same was published by posting, in its entirety, of exact, accurate and complete copies thereof at five most public places in the Village, * * * [places], as determined by Council under Ordinance No. 818 of said Village and pursuant to Section No. 731.21 Subsection C. and Section No. 731.25 of the Revised Code of Ohio.

"Said posting commenced _____ and continued for at least 15 consecutive days thereafter."

We do not find these defects to be fatal to the ordinance. Although the clerk did not print her name at the beginning of the certificate, she signed it, as required by R.C. 731.24; her name is clearly legible, and there is no doubt as to who is making the certification. Further, even though the clerk failed to write in the date when posting commenced, the certificate does state that posting continued for fifteen consecutive days as required by the statute. Accordingly, we find that the village substantially complied with the provisions of R.C. 731.25.

Appellant also argues that two of the places of business at which the certificate said Ordinance 90–07 had been published, Mellott's Drugstore and Blauser's Furniture, had been closed prior to the date the ordinance was passed.

The posting locations were part of the permanent language on the rubber stamp. The village presented into evidence two ordinances, one passed in 1984 and one in 1988, indicating that Mellott's and Blauser's had closed and substituting new places of posting. Accordingly, there was evidence from which the trial court could reasonably conclude that the ordinance was properly posted. Appellant failed to meet his burden to show improper publication, see *McClure v. Rhoads* (Oct. 3, 1985), Henry App. No. 7–84–1, unreported, 1985 WL 7221, and his second assignment of error is overruled.

In his third assignment of error, appellant argues that a survey conducted by a village witness, Robert Thompson, is invalid because Thompson failed to follow the provisions of R.C. Chapter 711. Appellant claims that Thompson was replatting the village, that his survey was invalid, and that appellant's map.was better evidence. We find this assignment of error is not well taken.

At trial, appellant claimed that his property was not located within the village boundaries. Consequently, the village hired Thompson to prepare a survey map of the area and presented his testimony at trial. The trial court relied upon Thompson's testimony in making its decision, stating:

"The issue of annexation of Plaintiff's tract of land was resolved in *James Peene, et al. v. Jacob Martin, Clerk of the Incorporated Village of Jefferson, etc.* (1882), Madison Common Pleas, Case No. 5107. In that file is a map of the annexed land, the Village Ordinance of Annexation, the journal of the Board of Commissioners and a judgment finding the annexation valid. Based on the land description contained in those proceedings and the map previously mentioned, Registered Surveyor Robert E. Thompson opined that to a reasonable degree of engineering probability the house at 358 East Main Street is within the village corporation limits. The Court so declares * * *."

The boundary line of West Jefferson was established in 1882 when the annexation was found to be valid. Thompson was not replatting the village boundaries but testifying as to whether appellant's property was located within those boundaries, which had already been established. R.C. Chapter 711 provides for the platting of land for the purposes of laying out a village, subdivision, or addition to a municipal corporation, 74 Ohio Jurisprudence 3d (1987) 202, Plats and Maps, Section 4, and it does not apply to the present case.

Appellant is really taking issue with the court's factual determination that his property is located in the village. There was competent, credible evidence to support the trial court's decision and therefore this court will not disturb it. See *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273; .*C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. Appellant argues that his evidence is more credible, but it

is well settled that matters as to the credibility of evidence are for the trier of fact to decide. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Accordingly, appellant's third assignment of error is overruled.

■ In his fourth assignment of error, appellant again takes issue with Thompson's testimony and the survey map he prepared. First, appellant argues that he did not receive a copy of the survey until two days before trial, and therefore he could not conduct discovery about it since the trial court had cut off discovery. Second, appellant argues that Thompson's testimony should not have been admitted because it was hearsay. We find this assignment of error is not well taken.

■ The trial court has broad discretion in controlling the discovery process. *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659, paragraph one of the syllabus; *Shaver v. Std. Oil Co.* (1990), 68 Ohio App.3d 783, 799, 589 N.E.2d 1348, 1358. In exercising its discretion, the court balances the relevancy of the discovery request, the requesting party's need for discovery, and the hardship upon the party from whom the discovery was requested. A decision which, in effect, prevents the requesting party from pursuing discovery will not be reversed on appeal absent a showing of substantial prejudice to that party. *Shaver, supra,* at 799–800, 589 N.E.2d at 1358–1359.

Appellant made numerous burdensome requests for discovery, in some cases asking for production of documents that were well over one hundred years old. The village answered the interrogatories filed by appellant and provided appellant with access to an extensive number of documents, including the 1882 map and other documents relied upon by Thompson. In response to an interrogatory, the village informed appellant that a survey was being conducted and that the map would be provided when completed. Subsequently, about one month before trial, the trial court cut off discovery and supplemental filings, reasoning that the issues needed to be determined for trial and that extensive discovery had already been conducted. At trial, appellant complained that he had received a copy of the survey map only two days before and, because the trial court had cut off discovery, he could not "do any investigation on the drawing."

Under the circumstances, we cannot say that the trial court's decision to cut off discovery was so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218, 5 OBR 481, 482, 450 N.E.2d 1140, 1141. Nothing in the record shows that appellant was prejudiced. Appellant was provided with the documentation upon which the survey map and Thompson's opinion were based, and appellant had the opportunity to cross-examine Thompson about the basis for his opinion. Further,

because new issues were raised at trial, the trial court allowed the parties to submit additional documentation with their post-trial briefs. Appellant submitted his own evidence regarding the location of the boundary line. Therefore, we find no error by the trial court.

■■■ Appellant further argues that Thompson's testimony is hearsay because he relied upon field work conducted by his employees. However, what appellant really seems to be contending is that Thompson's testimony was not based on personal knowledge. We find no merit in this argument. Evid.R. 602 provides as follows:

"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses."

The reference in Evid.R. 602 to Rule 703 is to avoid any question of conflict between the two rules, the latter of which permits an expert to express an opinion based on facts of which the expert does not have personal knowledge. Staff Note to Evid.R. 602. Evid.R. 703 states that "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing."

Thompson was qualified as an expert by virtue of his many years of experience as a surveyor. Thompson's opinion that appellant's property is located in the village was based upon his personal examination of the maps and other information in the 1882 annexation case as well as the survey map, which he helped prepare, all of which were admitted into evidence without objection on evidentiary grounds. "The extent to which expert testimony and opinion evidence are received rests largely within the discretion of the trial judge." *Camden v. Miller* (1986), 34 Ohio App.3d 86, 91, 517 N.E.2d 253, 258. Since Thompson's opinion was based upon his personal observations and evidence previously admitted, the trial court did not abuse its discretion by admitting his testimony. *State v. Solomon* (1991), 59 Ohio St.3d 124, 570 N.E.2d 1118, syllabus; *State v. Underwood* (1991), 73 Ohio App.3d 834, 841–844, 598 N.E.2d 822, 826–829. Accordingly, appellant's fourth assignment of error is overruled.

■■■ In his fifth assignment of error, appellant argues that the trial court improperly admitted evidence about the survey and the survey map because Thompson's employees trespassed on his property while doing the field survey in violation of the provisions of Civ.R. 34. We find this assignment of error is not well taken.

Civ.R. 34 states:

"[A]ny party may serve on any other party a request to produce and permit the party making the request, or someone acting on the requesting party's behalf, * * * to enter upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation on the property."

Civ.R. 34(B) sets forth the procedure to be followed for making and objecting to such a request. Appellant claims that Thompson's employees went on his land to conduct a field survey without following the procedures set forth in Civ.R. 34. However, there was no evidence that the surveyors trespassed upon appellant's property. Appellant bases his arguments on Thompson's statement that "[w]e did do a field survey on the grounds on site to try and find some ownership lines * * *." However, this statement does not necessarily support the conclusion that the surveyors entered upon appellant's property.

Further, even if the village did violate the provisions of Civ.R. 34, it was within the discretion of the trial court to decide whether to impose a sanction. See *Shaver, supra,* 68 Ohio App.3d at 799, 589 N.E.2d at 1358–1359. "The exclusion of reliable and probative evidence is a severe sanction which should be invoked only when clearly necessary to enforce willful noncompliance or to prevent unfair surprise." *Nickey v. Brown* (1982), 7 Ohio App.3d 32, 33, 7 OBR 34, 35, 454 N.E.2d 177, 179–180. Appellant was provided with notice that the survey was being conducted prior to trial. Appellant did not object in any way until after trial, and we cannot conclude he was the victim of unfair surprise. The record shows that the village made a diligent effort to provide discovery and that any discovery violation was not the result of willful noncompliance. Therefore, we cannot conclude that the trial court abused its discretion by failing to exclude the survey map and Thompson's testimony. Appellant's fifth assignment of error is overruled.

In his sixth assignment of error, appellant argues that the evidence shows that his property was never annexed to the village. Appellant relies on testimony by one of his tenants that the village refused to provide police and other services to his tenant. Appellant claims that the village failed to prove it acquired his property by "adverse possession." We find this assignment of error is not well taken.

Appellant's claim that the village had to prove adverse possession is completely erroneous. Adverse possession applies when one obtains title to land which had previously belonged to another through possession of that person's land that is open, notorious, adverse, and continuous for more than twenty-one years. *Ohio Dept. of Adm. Serv. v. Morrow* (1990), 67 Ohio App.3d 225, 234, 586 N.E.2d 259, 265. While a municipality may acquire property by adverse possession, *State ex*

*rel. A.A.A. Investments v. Columbus* (1985), 17 Ohio St.3d 151, 17 OBR 353, 478 N.E.2d 773, the village in this case did not assert that it had acquired an ownership interest in appellant's property, merely that the property was within the village boundaries and therefore subject to its tax ordinances.

Appellant is really arguing that the trial court's decision that his property was properly annexed to the village is against the manifest weight of the evidence. However, there was competent, credible evidence to support the trial court's decision, and this court will not reverse it. *Seasons Coal Co., supra; C.E. Morris Co., supra.* Accordingly, appellant's sixth assignment of error is overruled.

In his seventh assignment of error, appellant argues that he was prejudiced because the village presented new evidence attached to its post-trial memorandum, and he was not given the opportunity to rebut this evidence. We find this assignment of error is not well taken.

It is within the discretion of the trial court to permit either party to introduce evidence after both sides have rested. *Ketcham v. Miller* (1922), 104 Ohio St. 372, 136 N.E. 145, paragraph three of the syllabus; *Allstate Financial Corp. v. Westfield Serv. Mgt. Co.* (1989), 62 Ohio App.3d 657, 668–669, 577 N.E.2d 383, 390–391. At trial, the trial court indicated it would accept post-trial briefs from the parties. Appellant raised issues at trial and in his post-trial brief which were not raised in the pleadings. Consequently, the village filed a motion to present additional evidence along with its brief. The trial court relied upon that evidence in making its decision. Appellant was given an opportunity to rebut the village's evidence, since he filed a reply brief to which he attached several documents which were not introduced into evidence at trial.

Appellant's only claim to prejudice is that because the trial court did not agree with his arguments or rely on his evidence, the court must have made its decision before he filed his reply brief and did not even read it. Nothing in the record supports such a claim. Under the circumstances, we cannot find that the trial court's decision to allow both parties to present additional evidence was so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion. *Blakemore, supra,* 5 Ohio St.3d at 218, 5 OBR at 481–482, 450 N.E.2d at 1141. Accordingly, appellant's seventh assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Madison County Court of Common Pleas for execution upon this judgment and that a certified copy of this Memorandum Decision and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

To all of which appellant, by his counsel, excepts.

*Judgment affirmed.*

JONES, P.J., KOEHLER and WALSH, JJ., concur.