I respectfully dissent. This case involves the remarkable situation in which a crime victim became a tort defendant because the defendant gave the police a videotape recording of the crime which provided the factual basis for indictments that were later dismissed.
The majority contends the trial court committed reversible error by denying plaintiff discovery. Not only do the cases it cites reach a contrary result, but the record does not support its argument in the case at bar.
The standard of review governing discovery rulings is abuse of discretion. Tracy v. Merrel Dow Pharmaceuticals, Inc. (1991),58 Ohio St.3d 147, 152-154; Huebner v. Miles (1993), 92 Ohio App.3d 493
. To constitute an abuse of discretion, the trial court's ruling:
 must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead of passion or bias.
Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256;Tracy v. Merrel Dow, supra at 152; Huebner v. Miles, supra at 501. The record does not support such a finding in the case at bar.
The record shows that plaintiff — not the court — was responsible for any lack of discovery. The trial court could properly find that the discovery requests at issue were untimely made. Moreover, the record does not indicate what requests, if any, were unanswered. The record does show, however, that plaintiff viewed the videotape, conducted substantial discovery by deposing the store manager after serving her written discovery requests, and obtained the police reports relating to the matter. Under the circumstances, she has provided no basis for finding any prejudice from the denial of discovery. Shaver v. StandardOil Co. (1990), 68 Ohio App.3d 783, 799-800 (requiring a finding of "substantial prejudice"); Huebner v. Miles, supra at 501.
The record shows that plaintiff did not respect the trial court's discovery deadline. At the first pretrial after the February 6, 1998 filing of plaintiff's complaint, the trial court scheduled a discovery completion deadline of June 10, 1998. Plaintiff, however, showed no urgency in obtaining discovery. The first items of discovery in the record are subpoenas directed to two police officers who viewed the videotape; these subpoenas were filed June 12, 1998, two days after the discovery deadline.
On July 13, 1998, after the scheduled close of discovery, defendants filed the motion for summary judgment supported by the affidavit of Taco Bell general manager Mike D'Amato. D'Amato showed to an off-duty police officer, acting as a security guard, the videotape recording of the theft from a cash lockbox. A second Cleveland police officer, who also observed the videotape, initiated the charges against plaintiff, who was indicted by the grand jury after Taco Bell declined to sign a complaint.
On August 7, 1998, shortly before the 30-day deadline for the brief in opposition to summary judgment, plaintiff filed a motion for extension of time to respond. Among other things attached to the motion was a May 18, 1998 cover letter to defense counsel referring to service of plaintiff's "first set of discovery." The underlying discovery requests, however, are not in the record. The trial court granted plaintiff's motion for extension to respond until September 15, 1998.
After three more weeks elapsed, on August 24, 1998, plaintiff filed a motion to compel discovery. The motion argued that plaintiff served defendants with interrogatories and requests for production of documents. Again, these requests were not made part of the record. Plaintiff, as well as the majority opinion, however, ignores that Civil Rules 33 and 34(B) provide 28 days to respond to such requests. Because plaintiff's May 18, 1998 requests were so belatedly served, however, no response was required before the discovery completion date of June 10, 1998 that the trial court ordered.
The trial court did not abuse its discretion by enforcing its long-established discovery deadline. Moreover, plaintiff has not shown any prejudice, because the record does not contain the discovery requests she allegedly made. Without some indication of what plaintiff sought to discover, any finding of prejudice is both speculative and unwarranted. This is particularly true in light of the substantial discovery and other materials that plaintiff did obtain in the action after she made her objection.R R Plastics, Inc. v. F.E. Myers Co. (1993), 92 Ohio App.3d 789,797-798. It is noteworthy that her own counsel specifically stated at the conclusion of the 60-page deposition of D'Amato, the Taco Bell store manager, "I have no further questions." We may conclude from this statement that plaintiff had a full opportunity to question D'Amato.
In her brief in opposition to summary judgment, belatedly filed one day after the extended court-ordered deadline, plaintiff elected to litigate the case on the merits. Moreover, she did not request any additional time for discovery as required by Civ.R. 56(F). This court and others have repeatedly held, contrary to the majority opinion, that claims of error concerning discovery are waived and lack merit under such circumstances. E.g., BFIWaste Sys. Of Ohio v. Garfield Hts. (1994), 94 Ohio App.3d 62,73-75; Lillback v. Metro Life Ins. Co. (1994), 94 Ohio App.3d 100,102-104; R R Plastics, Inc. v. F.E. Myers Co., supra at 797-798.
Attached to plaintiff's brief was her own affidavit, police reports prepared by the two officers, photocopies of her indictments and the order dismissing them, as well as an affidavit from the attorney who represented her in the criminal case. Plaintiff's affidavit and that of her criminal defense attorney dispute that she was the person committing the crimes on the videotape. However, any potential question concerning the criminal's identity would have been disclosed and fully apparent to anyone who viewed the videotape, including the police who initiated the charges or the grand jury that returned the indictments. This is the fundamental defect in her case, a defect that no amount of "discovery" could ever overcome.
Plaintiff has never claimed that defendants falsified the videotape itself. Nor has she explained how defendants could have falsely pursued charges against her when they provided, for independent examination, the precise photographic evidence upon which the authorities relied in bringing the charges. No amount of discovery, even if timely requested and vigilantly pursued, could overcome this defect in her case.
The majority's reliance on Tucker v. Webb Corp. (1983), 4 Ohio St.3d 121, to support its argument to the contrary is misplaced for the reasons set forth in R R Plastics, supra at 798. Unlike in the case at bar, the motion for summary judgment in Tucker was filed before any "substantial discovery" was conducted. Id.
In the case at bar, plaintiff had at least four months to conduct discovery from filing the case on February 6, 1998 until the June 10, 1998 discovery cutoff. She waited until the eve of the deadline to make any requests, and most of her requests were filed after the deadline had expired. Although she stated that defendants did not respond to her written discovery, she has not shown what discovery is outstanding. After making her objection, moreover, she fully deposed the general manager of the Taco Bell.
Plaintiff obtained discovery, and her claims were shown to lack merit. Summary judgment was designed precisely to weed out such meritless claims. The majority opinion creates an enormous loophole for disappointed litigants to argue, after contesting and losing on the merits, that they were improperly denied discovery despite failing to seek a continuance under Civ.R. 56(F). I would join the other courts that have rejected this argument and affirm the judgment of the trial court in its entirety.