DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas, overruling objections to a magistrate's decision and issuing a divorce decree. For the reasons that follow, we affirm.
 {¶ 2} Appellant, Stephen J. Toth, and appellee, Carol M. Toth nka Trelli, met in 1984 when both worked at an east coast General Motors ("GM") plant. When appellant was transferred to an Ohio GM plant, appellee joined him. The couple was married on June 9, 1997. In 2003, when this matter was initiated, appellant continued to work as a toolmaker at General Motors, earning somewhat more than $95,000 a year. Appellee is retired, collecting pension and social security benefits of approximately $23,000. The couple had no children.
 {¶ 3} On September 19, 2003, appellee sued for divorce on grounds of gross neglect and incompatibility. Appellant counterclaimed on the same grounds. In due course, the matter proceeded to a final hearing before a magistrate on the issues of whether spousal support was appropriate and disposition of appellant's retirement benefits, automobiles and bank accounts. During the hearing, the parties stipulated to the marital value of appellant's General Motors retirement and General Motors personal savings plan.
 {¶ 4} At the conclusion of the hearing, the magistrate found the parties incompatible and granted each a divorce on that ground. The magistrate ordered equal division of all bank accounts, division of the marital portion of appellant's pension and GM personal savings plan through a Qualified Domestic Relations Order and $200 per week spousal support to appellee for two years. The magistrate also ordered that each party retain the vehicle in his or her possession.
 {¶ 5} Appellant's objections to the magistrate's decision were overruled by the trial court which adopted the magistrate's decision as its own. From this judgment, appellant now brings this appeal, setting forth what appellant characterizes as two assignments of error:
 {¶ 6} "First assignment of error
 {¶ 7} "The trial court erred as a matter of law to the prejudice of the appellant in exercising jurisdiction over pension benefits of the appellant that accrued before June 9, 1997, the corrected date of the marriage, and awarding the appellee fifty percent (50%) of appellant's accumulated benefits from June 9, 1996 through the date of final hearing
 {¶ 8} "I. The trial court lacked jurisdiction when it divided assets accumulated prior to the marriage
 {¶ 9} "II. The trial court improperly determined marital values, where the judge corrected the date of the marriage of the parties but adopted values for marital portions of pensions that are before the marriage
 {¶ 10} "III. The only evidence before the trial court is that the Webster account, or its successor the Vacationland account is defendant's separate property, accumulated before marriage on June 9, 1997
 {¶ 11} "Second assignment of error
 {¶ 12} "I. The trial court abused its discretion in awarding spousal support to the appellee in light of the fact that the division of property is not completed and done in accordance with the law
 {¶ 13} "II. The trial court abused its discretion and erred as a matter of law to the prejudice of the appellant in awarding an amount of spousal support to the appellee which was inconsistent with Ohio law"
 I. Marital Value of Retirement Accounts {¶ 14} In the first two subsections of his first assignment of error, appellant argues that the trial court improperly valued the marital portion of his General Motors pension and personal savings account. In support of this assertion, appellant directs our attention to the magistrate's decision which places the date of the marriage of the parties at June 9, 1996, rather than the actual date a year later. Using this erroneous date, appellant insists that the magistrate included an extra year in the marital value of his retirement plans. Even though the date of the marriage was corrected in the final judgment, no adjustment was made in the retirement marital value.
 {¶ 15} Appellee responds that the erroneous date of marriage was merely a typographical error and is of no significance.
 {¶ 16} The erroneous marriage date was introduced into these proceedings by appellee in her original complaint. Appellant corrected the date in his answer and the proper date was used by the magistrate and the parties throughout the final hearing. Moreover, the testimony and argument at that hearing regularly referred to a seven year marriage which would be a period consistent with the later date of marriage.
 {¶ 17} Of greater significance, however, is the fact that the magistrate did not use the marriage date to compute retirement fund marital values. Marital values were stipulated by the parties. Stipulations of fact bind the parties and, ordinarily, the court to the facts to which stipulations have been entered. The court is thus relieved of inquiry as to evidence which may exist to prove these facts. Cunningham v. J.D. Myers Co.
(1964), 176 Ohio St. 410, 414; Hatch v. Lallo, 9th Dist. App. No. 20642, 2002-Ohio-1376.
 {¶ 18} In this matter, the marital values of appellant's GM pension and personal savings plan were stipulated on the record in open court. Further inquiry by the court was unnecessary. Accordingly, the first two sections of appellant's first assignment of error are not well-taken.
 {¶ 19} Remaining under appellant's first assignment of error is his assertion that the court improperly included in property for division a bank account which is an undisturbed successor to an account he owned prior to the marriage.
 {¶ 20} The court ordered equal division of bank accounts in Key Bank, National City Bank and Vacationland Credit Union. The court also ordered that if an account is found in Webster Bank of Connecticut that existed when the divorce action was commenced and from which funds have not been transferred to other accounts addressed in the order, then the Webster funds should be divided equally.
 {¶ 21} In his objection to the magistrate's decision and before this court, appellant points to documents that show that at the time of the marriage he had an individual retirement account in Webster Bank of Connecticut and that on March 14, 2001, he transferred from that account $8,469.57 to the Vacationland Federal Credit Union. On this evidence, appellant insists, the trial court should not have ordered division of what was appellant's separate property.
 {¶ 22} Appellee, quite properly, responds that the documents and appellant's accompanying affidavit were never introduced in the final hearing of this matter. Indeed, in testimony at the hearing, appellant was vague as to whether a Webster account continued to exist, when it was created or for what purpose it was created. Moreover, as appellee points out, by later submitting his affidavit and purported bank documents, he avoids cross-examination of himself and authentication of the documents he proffered. On this basis, appellee submits, the court properly ignored appellant's submission.
 {¶ 23} On an objection to a magistrate's decision, the court may hear additional evidence. Civ.R. 53(E)(4)(b). However, "[t]he court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration." Id.
 {¶ 24} Whether to permit submission of such additional evidence after the parties have rested is within the sound discretion of the court and will not be reversed absent an abuse of that discretion. Mills v. Mills, 11th Dist. No. 2002-T-0102,2003-Ohio-6676, at ¶ 48, citing Huebner v. Miles (1993),92 Ohio App.3d 493, 504. An abuse of discretion is more than a mistake of law or an error of judgment, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 213, 219.
 {¶ 25} In this matter, appellant neither sought leave to introduce additional evidence on objections, nor did he make even a minimal effort to satisfy the "reasonable diligence" test of Civ.R. 53(E)(4)(b). In these circumstances, we cannot say that the trial court abused its discretion in refusing to consider this after proffered material. Accordingly, the remainder of appellant's first assignment of error is not well-taken.
 II. Spousal Support. {¶ 26} In his remaining assignment of error, appellant asserts that the trial court abused its discretion in awarding appellee spousal support. In the first part of his second assignment of error, appellant claims this is because the magistrate's decision and the later divorce decree do not contain findings going to all of the factors enumerated in R.C. 3105.18. Alternatively, appellant maintains in part two of his second assignment of error, that there was insufficient evidence to support a spousal support award.
 {¶ 27} R.C. 3105.18(C)(1) enumerates multiple factors a court should consider when determining whether to award spousal support, how much and for how long.[1] The statute does not mandate any specific findings which must be contained in a decision granting or denying spousal support. There is authority, however, that the court should include in its entry sufficient detail to facilitate appellate review. Earnest v. Earnest,151 Ohio App.3d 682, 686, 2003-Ohio-704, at ¶ 13, citing Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, 96-97. Although it has been held that a mere recitation that the statutory factors have been considered is insufficient, what is required is no more defined than that which is, "* * * sufficient to facilitate adequate appellate review." Stafinsky v. Stafinsky (1996),116 Ohio App.3d 781, 784.
 {¶ 28} In this matter, the magistrate made multiple findings concerning the parties' relative incomes, property and pension holdings. The magistrate made express findings with respect to the length of the marriage, the income of the parties and the retirement benefits of the parties. There were no children of the marriage.
 {¶ 29} The magistrate also had before him the affidavits of the parties, listing their ages, education and living expenses. Appellee is retired and living on social security and a pension. Clearly then, the court either expressly or impliedly considered all of the pertinent factors contained in R.C. 3105.18(C). Moreover, in our review of the record, we cannot say that the magistrate's decision to award $200 per week spousal support for two years was arbitrary, unreasonable or unconscionable. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 30} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Skow, J. concur.
[1] In material part, R.C. 3105.18 (C) (1) provides:
"In determining whether spousal support is appropriate and reasonable * * * the court shall consider all of the following factors:
"(a) The income of the parties, from all sources, * * *
"(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
"(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
"(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
"(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
"(l) The tax consequences, for each party, of an award of spousal support;
"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
"(n) Any other factor that the court expressly finds to be relevant and equitable."