[Cite as *Mullaji v. Mollagee*, 2024-Ohio-6066.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

SAJID MULLAJI

    Appellee

    v.

WAHEEDA MOLLAGEE

    Appellant

C.A. No.     23CA012030

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16DU080966

DECISION AND JOURNAL ENTRY

Dated: December 30, 2024

---

STEVENSON, Presiding Judge.

**{¶1}** Defendant-Appellant Waheeda Mollagee ("Wife") appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, that granted Plaintiff-Appellee Sajid Mullaji ("Husband") a divorce from Wife and adopted Husband's shared parenting plan. This Court affirms.

I.

**{¶2}** The factual and procedural history of this case has been previously outlined by this Court in *Mullaji v. Mollagee*, 2020-Ohio-4618 (9th Dist.) ("*Mullaji I*") and *Mullaji v. Mollagee*, 2023-Ohio-246 (9th Dist.) ("*Mullaji II*"). As much of that history is not relevant to the instant matter, we will summarize.

**{¶3}** Husband, a citizen of India, and Wife, a citizen of South Africa, were married in a religious ceremony in South Africa in January 2012. The couple began residing together in the United States in 2013. In February 2014, a child, Z.M., was born as issue of the marriage. In 2014

and 2015, Wife took trips to South Africa with Z.M. which caused conflict with Husband. A few days prior to the 2015 trip, the couple had an argument, and Wife then consulted an attorney who informed her that the marriage was not recognized in South Africa and that Husband had no parental rights under Ohio law. Wife registered Z.M.'s birth with the South African government and informed Husband that she was ending their marriage and would not return to the United States.

{¶4} In early 2016, Husband sued Wife for legal separation in the Lorain County Court of Common Pleas and for the return of Z.M. from South Africa under the Hague Convention. Wife moved to dismiss the complaint for lack of subject matter jurisdiction on the basis that the couple's religious marriage had not been solemnized in a civil ceremony. The trial court denied Wife's motion. Wife's attempted appeal was dismissed for lack of a final appealable order.

{¶5} Husband moved the trial court to adopt a shared parenting plan and in January 2018, amended his complaint to seek a divorce. The matter was set for trial in November 2018. On the first day of trial, the High Court of South Africa issued a decision on Husband's Hague Convention application, ordering the return of Z.M. to the United States and setting conditions for her return. Both parties requested leave to appeal that order while the divorce action proceeded in the trial court.

{¶6} On November 21, 2019, the trial court entered a decree of divorce that incorporated the parties' stipulations regarding the division of property, required Husband to pay child support, and adopted Husband's shared parenting plan subject to several revisions that the trial court ordered sua sponte. Wife appealed.

{¶7} In September 2020, this Court remanded the matter to the trial court on the issue of the trial court's sua sponte revision of Husband's proposed shared parenting plan, citing in support

our previous pronouncement that "'the court cannot create its own shared parenting plan.'" *Mullaji I* at ¶ 14, quoting *Carr v. Carr*, 1999 WL 598837, *3 (9th Dist. Aug. 11, 1999). We overruled Wife's assignment of error alleging that the trial court erred by denying her motion to dismiss Husband's complaint due to lack of subject matter jurisdiction. *Mullaji I* at ¶ 11.

{¶8} In October 2020, prior to the trial court having the opportunity to address the remand in *Mullaji I*, the High Court of South Africa issued a judgment on appeal determining that Husband had failed to establish custody rights based upon the parties' marriage and concluding that Wife's retention of Z.M. was not wrongful under the Hague Convention. Based on that ruling, Wife petitioned the Lorain County Court of Common Pleas for relief from its November 21, 2019, decree of divorce under Civ.R. 60(B)(2), (4), or (5). That motion was denied. In its written order denying the motion, the trial court also ordered the parties to submit appropriate revisions to Husband's proposed shared parenting plan pursuant to our remand in *Mullaji I*. Both parties timely filed proposed shared parenting plans in July 2021.

{¶9} On July 29, 2021, Wife appealed the denial of her motion for relief from judgment to this Court. We affirmed in part, reversed in part, and remanded the matter to the trial court. *Mullaji II* at ¶ 15. On July 31, 2023, the trial court denied Wife's motion for relief from judgment.

{¶10} In August 2023, pursuant to this Court's remand in *Mullaji I*, the trial court issued a judgment entry adopting Husband's shared parenting plan in its entirety, finding that Husband's plan was in the best interest of Z.M. under the statutory factors set forth in R.C. 3109.04(F)(1) and (2). Husband's plan designated Husband as the residential parent for school purposes, established parenting time for Wife, and ordered Wife to pay child support. The trial court once again adopted the parties' stipulations regarding the division of property and declined to order spousal support due to the short duration of the parties' marriage.

{¶11} Wife timely appealed and asserts two assignments of error for our review. Wife's assignments of error will be addressed in a consolidated fashion as they contain essentially the same arguments.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT COMMITTED ERROR AND ABUSED IT'S(SIC) DISCRETION WHEN IT USED OUTDATED INFORMATION IN FINDING THAT THE [HUSBAND'S] SHARED PARENTING PLAN WAS IN THE MINOR CHILD'S BEST INTEREST.**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT COMMITTED ERROR AND ABUSED ITS DISCRETION WHEN IT DID NOT CONDUCT A HEARING TO OBTAIN CURRENT INFORMATION NECESSARY TO DETERMINE WHETHER THE [HUSBAND'S] SHARED PARENTING PLAN WAS IN THE MINOR CHILD'S BEST INTEREST.**

{¶12} Wife does not dispute that the trial court addressed each of the best interest factors set forth in R.C. 3109.04(F)(1) and (2) in adopting Husband's shared parenting plan. Wife argues that in addressing those factors, the trial court abused its discretion by relying on outdated information to make its determination, and that because two years had elapsed from the date the court last took evidence (April 2019) and the filing of Husband's amended shared parenting plan (July 2021), the court should have conducted a hearing to obtain current information regarding the child's best interest. We disagree with Wife.

{¶13} This Court reviews a trial court's decision to adopt a shared parenting plan under an abuse of discretion standard. *Braidy v. Braidy*, 2013-Ohio-5304, ¶ 22 (9th Dist.), citing *Haas v. Bauer*, 2004-Ohio-437, ¶ 20 (9th Dist.). An abuse of discretion is something more than an error of law or in the exercise of judgment. "[I]t implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When

applying this standard, a reviewing court is precluded from simply substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶14} Since *Blakemore*, the Ohio Supreme Court has provided additional guidance about the nature of an abuse of discretion:

> Stated differently, an abuse of discretion involves more than a difference in opinion: the term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

(Internal citations and quotations omitted.) *State v. Weaver*, 2022-Ohio-4371, ¶ 24.

{¶15} In *Mullaji I*, we remanded the matter to the trial court for further proceedings consistent with our opinion. *Id.* at ¶ 19. Neither party discusses in their merit briefs the status of a case upon remand to the trial court, but the procedural effect of remand is something this Court must consider in its analysis.

> It is basic law that an action of the Court of Appeals in reversing and remanding the cause to the Court of Common Pleas for further proceedings has the effect of reinstating the case to the Court of Common Pleas *in statu quo ante*. The cause is reinstated on the docket of the court below in precisely the same condition that obtained before the action that resulted in the appeal and reversal.

(Internal quotations omitted.) *State v. Claren*, 2023-Ohio-2219, ¶ 10 (9th Dist.) quoting *Armstrong v. Marathon Oil Co.*, 32 Ohio St.3d 397, 418 (1987), quoting 5 Ohio Jurisprudence 3d, 426, Appellate Review, Section 717 (1978). That means that "[w]hen a judgment is reversed and remanded for further proceedings, the trial court may take up the matter at the point where the first error was committed." *In re C.P.,* 2010-Ohio-346, ¶ 19 (10th Dist.), citing *In re G.N.,* 2008-Ohio-1796, ¶ 11 (12th Dist.).

{¶16} Here, we remanded the matter because of the trial court's error in sua sponte modifying Husband's proposed shared parenting plan following the trial on Husband's amended complaint for divorce. That error was reflected in the November 16, 2019, divorce decree. Therefore, the effect of that remand was to reinstate the case as if the trial had just concluded. *See In re C.P.* at ¶ 20. However, simply because a case is reinstated as if the trial had just concluded does not mean the trial court cannot accept new evidence. A trial court possesses the inherent authority to regulate court proceedings. *State ex rel. Butler v. Demis*, 66 Ohio St. 2d 123, 128 (1981). At that point in the proceedings, "'[i]t is within the discretion of the trial court to permit either party to introduce evidence after both sides have rested.'" *Mills v. Mills,* 2003-Ohio-6676, ¶ 48 (11th Dist.), quoting *Huebner v. Miles,* 92 Ohio App.3d 493, 504 (12th Dist. 1993); *Teegardin v. J.C. Penney Cas. Ins.* Co., 1983 WL 3714, *1 (Oct. 4, 1983). The Tenth District in *In re C.P.,* 2010-Ohio-346 (10th Dist.) stated that "because a child's best interest is such a 'dynamic factual issue,'" a court on remand may opt to permit the introduction of new evidence. *Id.* at ¶ 23. However, while we agree that it is within the trial court's discretion to take new evidence on remand, nothing in our decision in *Mullaji I* required the trial court to do so.

{¶17} Furthermore, we cannot agree with Wife's argument that the trial court abused its discretion in not requiring the submission of new evidence. Wife did not request a hearing in response to the trial court's July 2, 2021, order directing the parties to file revised shared parenting plans. Because she did not request a hearing, Wife did not attempt to disclose to the court what new evidence, if any, may be relevant to the child's best interests. It is not the trial court's responsibility to initiate the presentation of evidence, but instead, that task is the responsibility of the parties. *Mullaji I* at ¶ 16. Our remand in *Mullaji I* restored the case to its previous procedural posture. It did not require the court to hold a hearing. As it is the responsibility of the parties to

present evidence, it follows logically that the court did not abuse its discretion in proceeding without a hearing if the parties did not request one and argue additional evidence was necessary.

{¶18} Accordingly, based on the foregoing, we conclude that the trial court did not abuse its discretion when it did not hold a hearing to adduce new evidence regarding the minor child's best interest following our remand in *Mullaji I*. Wife's first and second assignments of error are overruled.

## III.

{¶19} Wife's assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

SUTTON, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

GARY J. GOTTFRIED, Attorney at Law, for Appellant.

SAJID MULLAJI, pro se, Appellee.