THE STATE, EX REL. MOORE ET AL., *v.* ABRAMS ET AL.

[Cite as *State, ex rel. Moore, v. Abrams* (1991), 62 Ohio St.3d 130.]

(No. 91–39—Submitted September 17, 1991—Decided November 20, 1991.)

*Mark W. Price,* for relators.

*Richard T. Schisler,* City Solicitor, for respondents.

*Per Curiam.* For the following reasons, we grant respondents' motion for summary judgment. Section 25 of the Portsmouth City Charter exempts emergency ordinances from being subject to referendum. Section 12 of the charter states in part:

"* * * emergency measures[] shall be in effect from and after their passage by the Council unless some other time be specified therein. * * * An emergency measure is an ordinance or resolution to provide for the immediate preservation of the public peace, property, health or safety, in which the emergency claimed is set forth and defined in a preamble thereto."

The preamble of Ordinance No. 127–90 states:

"Whereas, at least four of the six members elected to Council of the City of Portsmouth, Ohio, have found, considered and determined that in order to

proceed with the Portsmouth Downtown Improvement Program, this constitutes an emergency, requiring immediate action in that we are well into the 1990 construction season."

Respondents argue that the court has no authority to review the council's determination that an emergency existed. This court has repeatedly affirmed this proposition, most recently in *Jurcisin v. Cuyahoga Cty. Bd. of Elections* (1988), 35 Ohio St.3d 137, 519 N.E.2d 347, at paragraph three of the syllabus:

"Where an ordinance, passed by the council of a municipality, is declared to be an emergency in accordance with that municipality's laws and sets forth the reasons for the immediate necessity thereof, the legislative determination of the existence of an emergency is not reviewable by a court."

The rationale for this rule is perhaps best stated in *State, ex rel. Fostoria, v. King* (1950), 154 Ohio St. 213, 220–221, 43 O.O. 1, 4–5, 94 N.E.2d 697, 701:

"It may seem strange to sustain legislation as emergency legislation not subject to referendum, where there is in fact no emergency, or where the reasons given for the necessity and for declaring the emergency do not appear to be valid reasons. However, as does Section 4227-3, General Code, provisions for emergency legislation usually safeguard referendum rights by requiring substantially more than a majority vote to enact emergency legislation. The statutory requirement of stating reasons for declaring the emergency is provided only to satisfy voters that their representatives did have valid reasons for the necessity of declaring that the ordinance was an emergency. If there was in fact no emergency or if the reasons given for such necessity are not valid reasons, the voters have an opportunity to take appropriate action in the subsequent election of their representatives. However, the existence of an emergency or the soundness of such reasons is subject to review only by the voters at such a subsequent election of their representatives. They are not subject to review by the courts."

Section 12 of the Portsmouth Charter requires approval of four of the six members elected to council to pass an ordinance as an emergency measure. This requirement was met in the instant case.

Relators concede that referendum is not available to challenge an emergency ordinance. However, they argue that the ordinance is not in the form required by Section 12 of the charter to make it an emergency ordinance. Specifically, they argue that the preamble did not set forth and define the emergency, as required by Section 12 of the charter.

In *Youngstown v. Aiello* (1951), 156 Ohio St. 32, 45 O.O. 45, 100 N.E.2d 62, paragraph two of the syllabus, we held that the duty to set forth the reasons for an emergency in an ordinance is mandatory and failure to do so will

prevent the ordinance from taking immediate effect. In that case, the purported emergency clause recited that it was necessary to preserve the public peace, health, and safety, but stated *no* other reasons for the necessity.

In *Walsh v. Cincinnati City Council* (1977), 54 Ohio App.2d 107, 111, 8 O.O.3d 208, 211, 375 N.E.2d 811, 814, the court of appeals held that an emergency clause that is "obviously illusory or tautological" did not comply with *Aiello, supra.* The clause in that case stated in part:

"The reason for the said emergency is the immediate necessity of implementing Section 1." (Section 1 renamed Cincinnati's Riverfront Stadium.) *Id.* at 108, 8 O.O.3d at 209, 375 N.E.2d at 813.

Hence, the sense of that emergency clause was that the renaming of the stadium was an emergency because it was an emergency.

Based on the foregoing, we find that the instant preamble is inarticulate, but not illusory or tautological. The linkage of improvement and lateness of the construction season with the concept of emergency is not so vague as to fail to apprise the voters "that their representatives did have valid reasons for the necessity of declaring that the ordinance was an emergency." *Fostoria, supra.* Moreover, we do not deem it fatal that the preamble omits reference to the public peace, property, health or safety because Section 12 of the charter states that an emergency measure *"is"* an ordinance for such purposes. Therefore, repeating the language in the ordinance would be redundant; stating that an emergency exists and why it was declared, which the preamble does, is sufficient.

Relators also argue that affidavits of council members and a copy of the official minutes of the meeting at which Ordinance No. 127–90 was passed, which were submitted by respondents, are inadmissible because such parol evidence is incompetent. We consider these affidavits and minutes irrelevant to the issue before the court—whether the preamble sufficiently "set[s] forth and define[s]" the emergency. What council members understood, believed, or even stated goes to the issue of whether an emergency really existed, which is unreviewable; such evidence is irrelevant as to what the preamble states. That is proved by examination of the preamble.

Accordingly, we determine that the preamble of Ordinance No. 127–90 sufficiently sets forth and defines the emergency and therefore complies with Section 12 of the Portsmouth Charter. We therefore grant respondents' motion for summary judgment and deny the writ.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.