[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 192.]

THE STATE EX REL. WALDICK, LAW DIR., APPELLEE, *v*. WILLIAMS, SAFETY/SERVICE DIR., APPELLANT.

[Cite as *State ex rel. Waldick v. Williams*, 1995-Ohio-260.]

*Mandamus to compel city of Delphos Safety Service Director to execute a waterline engineering contract authorized by an ordinance passed by city council—Writ granted, when.*

(No. 95-1551—Submitted December 5, 1995—Decided December 14, 1995.)

APPEAL from the Court of Appeals for Van Wert County, No. 15-95-6.

———————————

{¶ 1} On March 27, 1995, the Delphos City Council passed Ordinance No. 1995-15, which "authorized and directed" appellant, G. Roland Williams, the Delphos Safety/Service Director, "to enter into an agreement with the Poggemeyer Design Group, Inc. for the Lima Waterline Project." The ordinance provided that the "engineering services shall include all the waterline design and corresponding improvements required by the City of Delphos to obtain potable water from the City of Lima; and other such conditions or requirements as deemed to be in the best interest of the City of Delphos," with the cost of the agreement not to exceed $150,000. The ordinance was declared an emergency measure by the city council "for the purpose of the preservation of the public peace, safety and welfare and because the City of Delphos must comply with the EPA imposed deadlines for the improvements to its water system."

{¶ 2} After Delphos Mayor John E. Sheeter vetoed the ordinance, council voted to override the veto by the statutorily required two-thirds majority on April 21, 1995. Shortly thereafter, although he received a copy of the engineering contract, appellant refused to sign it. While conceding that there were no procedural defects relating to the enactment of the ordinance, appellant, in part,

based his refusal to comply with the ordinance on his belief that any action affecting the municipal water system was an administrative decision to be made by him rather than by council.

{¶ 3} On June 8, appellee, Juergen A. Waldick, the Delphos Law Director, instituted this action in the Court of Appeals for Van Wert County for a writ of mandamus compelling Williams to execute the waterline engineering contract specified in the ordinance. Following the issuance of an alternative writ and the submission of evidence and briefs, the court of appeals granted the writ.

{¶ 4} The cause is now before the court upon an appeal as of right. We granted a motion to expedite consideration of this appeal.

_____

*Squire, Sanders & Dempsey*, *C. Craig Woods* and *Loren L. Braverman*, for appellee.

*Kagay, Albert & Diehl* and *David K. Lowe*, for appellant.

_____

**Per Curiam.**

{¶ 5} Appellant asserts that the court of appeals erred in granting the writ of mandamus. In order to be entitled to a writ of mandamus, Waldick had to establish a clear legal right to have appellant execute the waterline engineering agreement noted in the ordinance, a corresponding clear legal duty on the part of appellant to do so, and the lack of a plain and adequate remedy in the ordinary course of law. *State ex rel. Ms. Parsons Constr., Inc. v. Moyer* (1995), 72 Ohio St.3d 404, 405, 650 N.E.2d 472, 473.

{¶ 6} Appellant does not contend that Waldick possesses an adequate legal remedy to enforce the ordinance. Instead, appellant claims that Waldick failed to establish either a clear legal right to execution of the contract or a corresponding clear legal duty on his part to sign the contract. More specifically, appellant contends that he has no duty to comply with an unlawful ordinance.

2

**{¶ 7}** Appellant asserts in his first and second propositions of law that Ordinance No. 1995-15 illegally usurps his statutory authority and attempts to control his administrative discretion. In general, enactments of a municipal legislative authority are presumed valid, and the presumption "continues until bad faith or abuse of legislative discretion \*\*\* is clearly proven, or it is manifest that the legislative authority has exceeded its powers, or if the legislation bears no reasonable relation to the public health, safety, welfare, or morals." 1 Gotherman & Babbit, Ohio Municipal Law (2 Ed.1992) 108, Section T 7.17, citing *Benjamin v. Columbus* (1957), 104 Ohio App. 293, 4 O.O.2d 439, 148 N.E.2d 695, affirmed (1957), 167 Ohio St. 103, 4 O.O.2d 113, 146 N.E.2d 854.

**{¶ 8}** "All municipal corporations have the general powers mentioned in Sections 715.01 to 715.67, inclusive, of the Revised Code, and the legislative authority of such municipal corporations may provide by ordinance or resolution for the exercise and enforcement of such powers." R.C. 715.03. Among the general powers are that cities "may provide for a supply of water" and "prevent the unnecessary waste of water and the pollution thereof." R.C. 715.08.

**{¶ 9}** Appellant relies on R.C. 735.02, which provides that the director of public service of a municipal corporation shall manage and supervise public works of the city, including municipal water, "except as otherwise provided by law." Similarly, R.C. 743.03 states that the "director of public service shall manage, conduct, and control the water works of a municipal corporation, furnish supplies of water, collect water rents, and appoint any necessary officers and agents."

**{¶ 10}** Appellant claims that under R.C. 735.02 and 743.03, the issue of whether he should execute the waterline engineering contract is within his administrative discretion. However, R.C. 735.05 provides:

"The director of public service may make any contract, purchase supplies or material, or provide labor for any work under the supervision of the department of public service involving not more than ten thousand dollars. When an

expenditure within the department, other than the compensation of persons, employed therein, exceeds ten thousand dollars, such expenditure shall first be authorized and directed by ordinance of the city legislative authority."

{¶ 11} Where it is necessary for the municipal legislative authority to authorize an expenditure by the safety-service director in an amount over that provided in R.C. 735.05, "such legislative body has the power to incorporate in the authorizing ordinance specifications and conditions binding on the administrative agency." *State ex rel. Huddle v. Evans* (1961), 172 Ohio St. 144, 145, 15 O.O.2d 282, 174 N.E.2d 94, 95. In *Huddle*, we granted a writ of mandamus to compel the safety-service director to advertise for bids and enter into a contract for the purchase of a fire truck according to specifications adopted in an ordinance passed by council. In so holding, we rejected the safety-service director's argument that the ordinance constituted "an encroachment on the executive powers given to [his] administrative office," stating that "there is no statute giving to the safety-service director exclusive power to write the detailed specifications of contracts which must first be authorized by the legislative branch of the municipality." *Id.* at 145, 15 O.O.2d at 282, 174 N.E.2d at 95.

{¶ 12} Similarly, in *State ex rel. Leach v. Redick* (1959), 168 Ohio St. 543, 7 O.O.2d 422, 157 N.E.2d 106, we granted a writ of mandamus compelling a director of public service to execute a lease where the city council had enacted an ordinance authorizing and directing its execution. In rejecting the contention of the director of public service that the city could not compel him to sign the lease, the court stated:

"It seems to us that if council has the legislative authority to authorize the lease and to authorize the respondent to execute it, it must have the authority to direct the respondent so to do, and that such direction in no way constitutes an unlawful interference with an administrative function.

"Respondent himself has no power to enter into the contract but is simply the party to complete the contract properly authorized by council." *Id.* at 548-549, 7 O.O.2d at 425, 157 N.E.2d at 110.

{¶ 13} Appellant argues that *Huddle* and *Leach* are distinguishable because, unlike the respondents in those cases, he had acted on the waterline problems prior to council's enactment of the ordinance. However, as Waldick aptly notes, nothing in the applicable statutes vests the authority to enter into contracts in the governmental branch that first exercises it. As in *Leach*, and pursuant to the manifest language of R.C. 735.05, appellant has no power to enter into any waterline engineering contract exceeding ten thousand dollars, and he is merely the party to complete the contract authorized by the Delphos City Council.

{¶ 14} Appellant further contends in his second proposition of law that the ordinance does not require him to execute the contract since it gives him discretion as to "other such conditions or requirements as deemed to be in the best interest of the City of Delphos." However, the ordinance clearly mandates him to "enter into an agreement with the Poggemeyer Design Group, Inc. for the Lima Waterline project" and that the agreement shall be for engineering services for the "waterline design" in order to obtain drinkable water from Lima. The discretion accorded appellant by the ordinance was only as to other provisions of the contract, not the execution of the contract itself.

{¶ 15} Therefore, based on the pertinent statutes and *Huddle* and *Leach*, Ordinance No. 1995-15 does not unlawfully usurp appellant's administrative discretion to manage, conduct, and control the water system of Delphos pursuant to R.C. 735.02 and 743.03. Appellant's first and second propositions of law are meritless.

{¶ 16} Appellant asserts in his third proposition of law that Ordinance No. 1995-15 is invalid because it is not an emergency ordinance. However, as we have repeatedly held, "'[w]here an ordinance, passed by the council of a municipality, is

declared to be an emergency in accordance with the municipality's laws and sets forth the reasons for the immediate necessity thereof, the legislative determination of the existence of an emergency is not reviewable by a court.'" *State ex rel. Moore v. Abrams* (1991), 62 Ohio St.3d 130, 132, 580 N.E.2d 11, 12, quoting *Jurcisin v. Cuyahoga Cty. Bd. of Elections* (1988), 35 Ohio St.3d 137, 519 N.E.2d 347, paragraph three of the syllabus. Although purely conclusory, tautological, or illusory language in an emergency measure does not meet the requirements for a valid ordinance under R.C. 731.30, see *Huebner v. Miles* (1993), 92 Ohio App.3d 493, 497, 636 N.E.2d 348, 351, the language of the ordinance that the measure was "for the purpose of the preservation of the public peace, safety and welfare and because the City of Delphos must comply with the EPA imposed deadlines for the improvements to its water system" is sufficiently specific. Cf. *Youngstown v. Aiello* (1951), 156 Ohio St. 32, 45 O.O. 45, 100 N.E.2d 62 (ordinance prevented from taking immediate effect where purported emergency clause stated that it was necessary to preserve the public peace, health, and safety, but gave no specific reasons for the necessity); see *Walsh v. Cincinnati City Council* (1977), 54 Ohio App.2d 107, 8 O.O.3d 208, 375 N.E.2d 811 (ordinance invalid since emergency clause merely stated that it was an emergency because it was an emergency).

{¶ 17} In that the emergency clause of Ordinance No. 1995-15 sufficiently states and defines the emergency, the issues of whether an emergency actually existed or the accuracy of the reasons given by council are not subject to review by this court. *Moore, supra*, 62 Ohio St.3d at 133, 580 N.E.2d at 13. Appellant's third proposition of law is also meritless.

{¶ 18} Appellant has failed to overcome the presumed validity of the ordinance, and the court of appeals properly determined that Waldick had established his entitlement to the requested writ of mandamus. Accordingly, for the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

————————————