This matter presents a timely appeal from a decision rendered by the Mahoning County Common Pleas Court, granting summary judgment in favor of defendants-appellees, City of Youngstown, et al.
The within case has been before this court on three previous occasions. The facts are summarized as follows: In 1965, with amendments adopted in 1982, the City of Youngstown established a lighting assessment for street lights, known as "White Way Lighting", chargeable to property abutting Market Street in the City of Youngstown, Mahoning County, Ohio, from Ridge Avenue to Princeton Avenue and from Florida Avenue to Midlothian Boulevard.
In January of 1986, the Youngstown City Council passed a resolution and an ordinance which eliminated the lighting assessment and turned out the lights along Market Street from Ridge Avenue to Princeton Avenue and from Florida Avenue to Midlothian Boulevard. Subsequently, in February of 1986, the Youngstown City Council reconsidered both the resolution and ordinance passed in January and repealed same.
Plaintiffs-appellants, Tony Marchionda, et al, filed an action against appellees in September of 1987. Appellants sought a refund of lighting assessments collected by the City of Youngstown from all property owners on Market Street between Ridge Avenue and Princeton Avenue and between Florida Avenue and Midlothian Boulevard. Appellants also sought an injunction prohibiting appellees from collecting the lighting assessments established under the original legislation.
Following an answer, appellees filed a motion for summary judgment which was granted by the trial court. The trial court found that the Youngstown City Council had repealed amending legislation and had not repealed repealing legislation, thereby necessitating the reenactment of the original legislation. Appellants filed an appeal to this court. On February 15, 1990, this court issued an opinion finding that the repeal of the legislation in question was unconstitutional, setting aside the trial courts judgment and entering judgment for appellants on the issue appealed. This case was further remanded to the trial court for determination as to the issues concerning the assessments and collections since January 6, 1986 and whether the statute of limitations had run pursuant to R.C. 2723.01.
On remand, appellees filed a motion to dismiss predicated upon the statute of limitations. The trial court found that appellants failed to meet the statutory time period within which to file and thus dismissed the case. Appellants again appealed to this court. On September 23, 1991, this court filed its opinion finding that the trial courts entry of judgment dismissing the entire action was erroneous and remanding the within cause back to the trial court for determination on the statute of limitations issue.
Appellants then filed a renewed motion to maintain a class action which was granted by the trial court. Appellees filed an appeal with this court and on January 17, 1995, an opinion was issued affirming the trial courts judgment certifying a class. Upon this case being again returned to the trial court, it was ordered that all parties submit supplemental briefs or affidavits as the trial court would decide the issues remaining by way of summary judgment. Appellants and appellees complied with the trial courts order.
On September 9, 1997, the trial court filed its judgment entry granting summary judgment in favor of appellees. The trial court found that in order to maintain a claim for the recovery of lighting assessments paid by the plaintiff class, appellants must show that a written protest was filed by each class member in accordance with R.C. 2723.03 at the time each such class member paid the assessments in question. The trial court determined that no such protests were filed.
The trial court further found that as the Youngstown City Council had passed new ordinances and resolutions establishing a white way lighting assessment along Market Street from Ridge Avenue to Princeton Avenue and from Florida Avenue to Midlothian Boulevard, appellants request for injunctive relief was moot. It is from this decision that the within appeal emanates.
Appellants' sole assignment of error on appeal alleges:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEES MOTION FOR SUNMARY JUDGMENT ON THE GROUNDS OF MOOTNESS WHERE THE QUESTION OF REMAND IS FOR A DETERMATION (sic) OF STATUTE (sic) OF LIMITATION."
Appellants argue that the trial court erred in granting summary judgment in favor of appellees on the grounds of mootness when this court previously set aside the judgment of the trial court, entered judgment in favor of appellants as to the unconstitutionality of the legislation establishing the white way lighting assessments and remanded this case back to the trial court on the limited question of the applicable statute of limitation. Appellants state that appellees did not demonstrate compliance with the city charter in the alleged enactment of subsequent legislation regarding the lighting assessments. Appellants further maintain that appellees have failed to show how such subsequent legislation made the legislative action in 1986, which is the subject of this case, moot.
Appellants conclude that as appellees argument regarding the legislation which purported to establish the white way lighting assessments was rejected previously, the doctrine of res judicata is applicable to prohibit them from attempting to utilize said argument again. Appellants argue that the only issue on remand to be determined by the trial court concerned the assessments and collections since January 6, 1986 and the applicable statute of limitations.
Appellants' argument regarding the applicable statute of limitations is not well taken as such issue was obviously resolved following a previous appeal to this court. As we stated in our opinion dated September 23, 1991, the within cause of action was remanded for determination of the statute of limitation issue." Thereafter, the trial court granted appellants renewed motion to certify a class and thereby implicitly found that the applicable statute of limitations had been met. The issues concerning the assessments and collections since January 6, 1986 remained to be determined. Accordingly, the trial court noted in its judgment entry dated July 15, 1997 that its summary judgment determination would address the damages, if any, which may be recovered by appellants in this case. The trial court made its decision regarding summary judgment on said basis.
In its September 9, 1997 judgment entry, the trial court specifically found:
 "1. In order to maintain a claim for recovery of the lighting assessments paid by Plaintiffs or any member of the Plaintiff class, Plaintiffs must prove that at the time that the assessments were paid, a written protest was filed by each member of the Plaintiff class in accordance with § 2723.03 of the Revised Code."
The trial, court stated that appellees introduced evidence to indicate no written protests were filed by any member of the plaintiff class and that appellants introduced no evidence to the contrary. The trial court further determined that as a result of new legislation establishing a white way lighting assessment along Market Street from Ridge Avenue to Princeton Avenue and from Florida Avenue to Midlothian Boulevard, appellants' request for injunctive relief was moot.
In determining whether a trial court has properly granted summary judgment, a court of appeals must conduct a de novo review of the record. Grafton v. Ohio Edison Company (1996),77 Ohio St.3d 102.
Civ.R. 56 (C) recites, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
As set forth by the Ohio Supreme Court in Welco Industries, Inc. v. Applied Companies (1993), 67 Ohio St.3d 344, 346:
 "Under Civ.R. 56, summary judgment is proper when" (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. (Citation omitted). Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. (Citation omitted)."
The Ohio Supreme Court in Dresher v. Burt (1996), 75 Ohio St.3d 280, held that a moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56 (C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claims.
The Ohio Supreme Court in Dresher, supra further held that once the moving party has met its initial burden, the nonmoving party must then produce any evidence for which such party bears the burden of production at trial.
R.C. 2723.03, provides in pertinent part:
 "If a plaintiff in an action to recover taxes or assessments, or both, alleges and proves that he * * *, at the time of paying such taxes or assessments, filed a written protest as to the portion sought to be recovered, specifying the nature of his claim as to the illegality thereof, together with notice of his intention to sue under sections 2723.01 to 2723.05, inclusive, of the Revised Code, such action shall not be dismissed on the ground that the taxes or assessments, sought to be recovered, were voluntarily paid."
In Blisswood Village Homeowners Assoc. v. McCormack (1988),38 Ohio St.3d 73, the Ohio Supreme Court referred to its previous decision in Ryan v. Tracy (1983), 6 Ohio St.3d 363 and held that the filing of a written protest and notice to sue as provided in R.C. 2723.03 are mandatory and the failure to do so will bar any action brought pursuant to R.C. 2723.01, et seq.
The only evidence before the trial court in the case at bar established that no written protest satisfying the requirements of R.C. 2723.03 was filed by any member of the plaintiff class. The affidavits of Janet S. Berdis-Thompson and Bernadette Pernotto, submitted by appellees in support of its motion for summary judgment, clearly illustrated that no written protest was filed when any assessment at issue was paid. Appellants submitted no evidence to contradict this fact and did not produce any evidence for which they bore the burden of production at trial. Pursuant to R.C. 2723.03, appellants bore the burden of producing evidence to show that they filed written protests as to the assessments sought to be recovered at the time said assessments were paid. Appellants failed to meet their burden in accordance with R.C. 2723.03 and Dresher, supra. Therefore, no genuine issue of material fact remained concerning appellants right to recover any of the assessments paid. Thus, the trial court properly entered summary judgment in favor of appellees on this basis.
Additionally, new emergency legislation was enacted by the Youngstown City Council, in accordance with the city charter, regarding the white way lighting assessments currently being collected. The Ohio Supreme Court in State ex rel. Vana v. Maple Heights City Council (1990), 54 Ohio St.3d 91, has held that an ordinance enacted by a municipality is ordinarily presumed to be valid and the enacting body is presumed to have acted constitutionally. With respect to emergency ordinances, it has been established that the duty and responsibility of determining the emergency lies with the legislative authority and the courts will not review a legislative decision on that issue. State ex rel. Moore v. Abrams (1991), 62 Ohio St.3d 130. Appellants submitted no evidence to the trial court regarding the validity of the new legislation concerning the white way lighting assessments. Therefore, appellants did not comply with the mandates of Dresher, supra relative to this issue.
As the lighting assessments being collected by appellees were authorized by emergency legislation validly enacted in accordance with the city charter and said assessments were not being collected pursuant to the original legislation which was the subject of appellants' complaint, the trial court properly determined that appellants' request for an injunction seeking to prohibit collection of the lighting assessments was moot.
A thorough review of the record reveals that there were no genuine issues of material fact regarding appellants' claim for injunctive relief or their claim for a refund of any assessments paid and summary judgment was properly entered in favor of appellees.
Appellants' sole assignment of error on appeal is found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE