JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Denny Linville, brought this action in mandamus against: the Village of Walton Hills ("the village"); the mayor of the village, Marlene B. Anielski; and Vic Nogalo, Fiscal Officer of the village, whose duties include those of clerk of the village. Linville requests that this court compel respondents "to comply with their statutory duties." First Amended Complaint, Ad Damnum Clause. For the reasons stated below, we deny relator's motion for summary judgment and enter judgment for respondents. *Page 3 
 {¶ 2} The village does not have a fire department. In the spring of 2007, the village council began consideration of providing future fire and emergency services. The mayor of the village, Marlene B. Anielski, negotiated a proposal for the provision of fire and emergency services with the cities of Maple Heights and Bedford. The mayor presented the proposal to council in late August 2007. In October 2007, the Village of Oakwood presented a proposal. Ultimately, in December 2007, a resolution authorizing the mayor to enter into an agreement with Oakwood (Resolution No. 2007-66), was read at three council meetings. On December 21, 2007, council passed Resolution No. 2007-66 as an emergency measure by a vote of four to one.
 {¶ 3} R.C. 731.14 provides, in part: "All contracts made by the legislative authority of a village shall be executed in the name of the village and signed on its behalf by the mayor and clerk." See also R.C. 733.30. Respondents Anielski and Nogalo have not signed an agreement with Oakwood.
 {¶ 4} In January 2008, a new member of council succeeded one of the members of the four-member majority which voted for Resolution No. 2007-66. As a result, council was evenly divided regarding the two proposals for fire and emergency services. Under R.C. 733.24, the mayor "shall be president of the legislative authority and shall preside at all regular and special meetings thereof, but shall have not vote except in case of a tie." On January 1, 2008, the mayor introduced Resolution No. 2008-01 which would authorize her to enter into an *Page 4 
agreement with Maple Heights and Bedford as well as repeal Resolution No. 2007-66. Also in January 2008, electors of the village presented a referendum petition to place Resolution No. 2007-66 on the November 4, 2008 ballot.
 {¶ 5} The fundamental criteria for issuing a writ of mandamus are well-established. "In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. ofEducation (1977), 52 Ohio St. 2d 81, 369 N.E.2d 1200." State ex rel.Harris v. Rhodes (1978), 54 Ohio St. 2d 41, 42, 374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie.
 {¶ 6} Linville contends that, because council passed Resolution No. 2007-66 as an emergency measure under R.C. 731.30, a referendum petition under R.C. 731.29 is not appropriate. Respondents do not contest relator's assertion that an emergency measure may not be submitted to the electorate by way of referendum. Rather, respondents argue that Resolution No. 2007-66 was not approved by two-thirds of the members of the legislative authority and, therefore, is not an emergency measure. In light of the filing of the referendum petition, respondents contend that Resolution No. 2007-66 would not "go into effect until approved by the majority of those voting upon it." R.C. 731.29. As a consequence, respondents contend that Anielski and Nogalo are not required to execute an agreement with Oakwood. *Page 5 
 {¶ 7} R.C. 731.30 provides, in part: "Such emergency ordinances ormeasures must, upon a yea and nay vote, receive a two-thirds vote of allthe members elected to the legislative authority, and the reasons for such necessity shall be set forth in one section of the ordinance or other measure." (Emphasis added.) Respondents contend that the four-vote majority which approved Resolution No. 2007-66 did not constitute a two-thirds vote of all the members of the legislative authority. R.C. 731.09 provides, in part: "The legislative power of each village shall be vested in, and exercised by, a legislative authority, composed of six members * * *." Yet, respondents insist that the mayor is also a member of the legislative authority. That is, R.C. 733.24 provides in part, that the mayor "shall be the president of the legislative authority and shall preside at all regular and special meetings thereof, but shall have no vote except in case of a tie."
 {¶ 8} Respondents submit that the legislative authority has seven members, including the mayor. They further contend that five votes are required for a two-thirds majority of the legislative authority of the village. As a result, they argue that Resolution No. 2007-66 is not an emergency measure and that submitting that resolution to the electorate by referendum is appropriate.
 {¶ 9} Relator acknowledges that the six members elected to council and the mayor constitute the legislative authority of the village. SeeState ex rel. DeMatteo v. Allen (1960), 170 Ohio St.3d 375, 377,165 N.E.2d 644, 11 O.O.2d 78. He *Page 6 
observes, however, that — under R.C. 733.24 — the mayor acts as a member of the legislative authority only in the event of a tie vote among the members of council.
 {¶ 10} Linville refers to State ex rel. Moore v. Abrams (1991),62 Ohio St.3d 130, 580 N.E.2d 11, in support of his position that the vote of four of the six members of council is sufficient for legislation to qualify as an emergency measure. In Moore, the Supreme Court denied relief in mandamus to compel the Portsmouth City Council to submit an ordinance on referendum to the electors because the city charter exempted emergency measures from referendum. Respondents correctly observe that Moore involves a charter municipality. Additionally, the charter "requires approval of four of the six members elected to council to pass an ordinance as an emergency measure." Id. at 132. Obviously, the provisions in the charter were determinative in Moore. Moore does not resolve the issue of statutory construction which is presented by this action.
 {¶ 11} Respondents cite different authority to reach a conflicting conclusion. In Babyak v. Alten (1958), 106 Ohio App. 191, 154 N.E.2d 14,6 O.O.2d 450 [Lorain County, Ninth District], all six members of the village council were present, but one did not vote on an ordinance. Three of the other members of the council voted in favor of the ordinance. Two voted against. The mayor voted in favor and declared that the ordinance was adopted. The Ninth District held that, if a council member is present at a council meeting, "the legal effect of refusing to vote is an acquiescence in the action taken by the majority of those who do vote." Id. at 197. *Page 7 
 {¶ 12} In reaching this conclusion, the Babyak court reviewed various provisions of the Revised Code regarding the authority of council and the mayor to pass legislation. After observing that the general assembly included the term "legislative authority" in R.C. 733.24 (which authorizes the mayor to cast the tie-breaking vote), the Ninth District concluded that the mayor "is a part of the legislative authority as definitely as a member of council, but with a provision restricting his vote." Id. at 193. Respondents argue that this conclusion by theBabyak court requires the holding in this action that legislation before a village council must receive five votes for that legislation to pass as an emergency measure — that is, to receive the requisite two-thirds majority.
 {¶ 13} As noted above, relator must demonstrate, inter alia, that he has a clear legal right to relief and that respondents have a clear legal duty to act as requested by relator. Relator contends that the village council's action adopting Resolution No. 2007-66 as an emergency measure is a sufficient basis for this court to compel the mayor and fiscal officer to execute an agreement with Oakwood. Nevertheless, his argument depends upon a conclusive determination that the resolution was properly enacted as an emergency measure.
 {¶ 14} The parties have not provided this court with any controlling authority as to whether the two-thirds majority of the "legislative authority" required by R.C. 733.24 may be comprised of four of the six members of council or must be five members of council because the mayor is the seventh member of the legislative *Page 8 
authority. In light of that lack of controlling authority, we cannot conclude that relator has demonstrated a clear legal right to relief or a clear legal duty on the part of respondents.
 {¶ 15} Recently, Linville has also requested that this court join the Cuyahoga County Board of Elections (the "board") as a party to this action and to order the board to remove Resolution No. 2007-66 [Issue 115] from the ballot. By separate entry, we have denied his motion to amend pleading and join the board as a party.
 {¶ 16} Linville contends that Resolution No. 2007-66 should not be on the ballot by way of a referendum petition because Resolution No. 2007-66 is an emergency measure. Respondents, of course, hold the contrary view.
 {¶ 17} The record does not reflect that Linville filed a protest with the board. See, e.g., State ex rel. SuperAmerica Group v. Licking Cty.Bd. of Elections, 80 Ohio St.3d 182, 1997-Ohio-347, 685 N.E.2d 507 (The relator had filed a protest with the board of elections challenging the validity of a referendum petition submitting an ordinance passed by the village council to the electors. The board of elections certified the validity of the signatures. The Supreme Court denied the relator's request for relief in mandamus to compel the board of elections to refuse to certify the referendum and in prohibition to prevent the board of elections from placing the referendum on the ballot.) Linville has not provided this court with any authority requiring relief in an original action to prevent a referendum from appearing on the ballot when relator has not first prosecuted a protest before the board. *Page 9 
 {¶ 18} In light of relator's failure to provide this court with any controlling authority establishing a clear legal right to relief or a clear legal duty on the part of respondents, we must deny relator's motion for summary judgment. We also note that, in response to relator's motion for summary judgment, the parties extensively supported their positions with evidentiary material as well as briefed and argued the issues. Accordingly, although we deny relator's motion for summary judgment, we determine that the record is sufficient to enter judgment for respondents. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
 {¶ 19} Writ denied.
MARY EILEEN KILBANE, J., and CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1