[Cite as *Osborne v. N. Canton*, 2014-Ohio-3199.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CHARLES OSBORNE | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellant | Hon. W. Scott Gwin, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2013 CA 00246 |
| CITY OF NORTH CANTON | |
| | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  2013 CV 02037


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      July 21, 2014


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

ROBERT H. CYPERSKI                      TIMOTHY L. FOX
1201 - 30th Street, NW Suite 102-B      145 North Main Street
Canton, Ohio  44709                     North Canton, Ohio  44720

*Wise, J.*

{¶1} Appellant Charles Osborne appeals the November 22, 2013, decision of the Stark County Common Pleas Court granting Appellee City of North Canton's Motion to Dismiss.

## STATEMENT OF THE FACTS AND CASE

{¶2} The Charter of the Municipality of North Canton ("Charter") states that the "compensation of the mayor and each member of council shall be fixed at least thirty (30) days prior to the filing date of the nominating petitions for the terms beginning on the next succeeding first of December, and shall not be changed during the term of office or any part thereof." Charter Section 4.04, Salaries and Bonds.

{¶3} In addition to the City's Charter, North Canton is also subject to the filing deadlines posed by the Stark County Board of Election. That relevant deadline herein required that Ordinance 47-13 be passed 90 days prior to the November 5, 2013, general election.

{¶4} With the combination of both the Charter and the Stark County Board of Election's deadlines, Ordinance 47-13 needed to be enacted at least 120 days prior to the November 5, 2013, general election to become effective.

{¶5} On July 8, 2013, Appellee City of North Canton's City Council passed Municipal Ordinance 47-13 to increase the compensation rate of the future mayor and future members of City Council.

{¶6} The Ordinance states that it establishes "the rates of compensation for elected officials of the City of North Canton, Ohio, effective December 1, 2013." It also states that it was enacted into law to establish the compensation rates for future elected

officials effective December 1, 2013, and that the reason for its urgency was to meet the Stark County Board of Election's filing requirements for the November 5, 2013, General Election.

{¶7} The Ordinance was thereby enacted into law immediately upon the mayor's signature, and just prior to the Stark County Board of Election's and the Charter's filing deadlines.

{¶8} On August 5, 2013, Appellant Charles Osborne filed a "Complaint for Declaratory Judgment and Injunction" against North Canton in Stark County's Common Pleas Court alleging therein that the Ordinance is invalid because the reason for the declaration of the ordinance is not specified or is insufficient to justify a valid emergency, and that the "ordinance was passed under false premises of emergency legislation" to prevent the right of referendum.

{¶9} On September 3, 2013, Appellee filed a Motion to Dismiss pursuant to Civ.R. 12(B)(6).

{¶10} By Judgment Entry filed November 22, 2013, the trial court dismissed Osborne's complaint under Civ.R. 12(B)(6) for his failure to prove a set of facts entitling him to relief. The court found that the reasoning for North Canton's emergency measure: (1) was "stated with sufficient detail," (2) was "not conclusory, illusory, or tautological," and (3) that "council's ordinance took effect immediately upon its passage to satisfy the requirements of North Canton's Charter and the Stark County Board of Election's filing deadline, thus it satisfie[d] the immediacy requirement."

{¶11} Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶12} "I. THE TRIAL COURT ERRED IN CONCLUDING THERE WAS NO GENUINE ISSUE OF MATERIAL FACT IN DISPUTE AND THEREFORE ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS.

### I.

{¶13} In his sole Assignment of Error, Appellant argues that the trial court erred in granting Appellee's motion to dismiss. We disagree.

{¶14} Appellant herein argues that Ordinance 47-13 is "not a valid emergency ordinance in that the reasons for the declaration of the ordinance as an emergency were not specified and/or were insufficient to justify an emergency and/or were not valid reasons for an emergency." (Appellant's brief at 6.)

{¶15} The statutory referendum procedure is set forth in R.C. Chapter 731. R.C. §731.29 provides that, unless an exception in R.C. §731.30 is applicable, any ordinance passed by the legislative authority of a municipality can be the subject of a referendum election if a proper petition is filed with the city clerk within thirty days after its passage. The section further states that the clerk must transmit the petition and a certified copy of the ordinance to the board of elections.

{¶16} As an exception to this procedure, R.C. §731.30 expressly states that an ordinance shall take effect immediately if it is an emergency measure which is needed to preserve the public peace, health, or safety of the municipality. This section also indicates that, before this exception can apply, the ordinance must set forth the basis of the legislative authority's determination that an emergency situation exists.

{¶17} In relation to these requirements, the Supreme Court of Ohio has stated that, even though the merits of a legislature's emergency determination is not subject to judicial review, the issue of whether the legislation sets forth the basis of the decision is. *State ex rel. Moore v. Abrams* (1991), 62 Ohio St.3d 130, 132, 580 N.E.2d 11.

{¶18} In *Abrams*, the Supreme Court stated that "[w]here an ordinance, passed by the council of a municipality, is declared to be an emergency in accordance with that municipality's laws and sets forth the reasons for the immediate necessity thereof, the legislative determination of the existence of an emergency is not reviewable by a court." *Id.* at 132, 580 N.E.2d at 12, quoting *Jurcisin v. Cuyahoga Cty. Bd. of Elections* (1988), 35 Ohio St.3d 137, 519 N.E.2d 347, paragraph three of the syllabus. The rationale for the rule is stated, in part, as follows:

{¶19} " 'If there was in fact no emergency or if the reasons given for such necessity are not valid reasons, the voters have an opportunity to take appropriate action in the subsequent election of their representatives. However, the existence of an emergency or the soundness of such reasons is subject to review only by the voters at such a subsequent election of their representatives. They are not subject to review by the courts.' " *Abrams* at 132, 580 N.E.2d at 12, quoting *State ex rel. Fostoria v. King* (1950), 154 Ohio St. 213, 220-221, 43 O.O. 1, 4-5, 94 N.E.2d 697, 701.

{¶20} Specifically, the Supreme Court has held that a legislature's duty to state the reasons for the emergency is mandatory and that the failure to satisfy this duty will prevent the legislation from immediately becoming effective. *Id.* Strict compliance is required because: (1) the statement of reasons shows that a legislature fully considered the issue prior to declaring the emergency; and (2) the statement gives relevant

information to the public. *State ex rel. Emrick v. Wasson* (1990), 62 Ohio App.3d 498. 505, 576 N.E.2d 814.

{¶21} To satisfy the "reason" requirement, a legislature cannot use conclusory, illusory, or tautological language; *i.e.,* a legislature cannot simply state that the legislation must take effect immediately in order to protect the public peace, health, and safety. *Moore.* However, the courts of this state have also indicated that a prolonged explanation is not necessary.

{¶22} For example, in *Huebner v. Miles* (1993), 92 Ohio App.3d 493, 636 N.E.2d 348, the court held that it was sufficient for the legislature to state that the emergency legislation was necessary because the municipality needed additional revenues in order to continue to provide vital services.

{¶23} Similarly, in *City of Warren ex rel. Bluedorn v. Hicks*, city taxpayers brought a lawsuit challenging the validity of ordinances passed by initiative, which had effectively reset pay levels for elected city officials below levels to which they had recently been raised by city ordinances. Upon review, the Court of Appeals held, inter alia, that the city acted within its authority by enacting ordinances granting pay increases for elective officials, effective for terms which had not yet begun.

{¶24} In the instant action, North Canton City Ordinance No. 47-13 expressly stated that the ordinance had to take effect immediately "to meet the Stark County Board of Election's filing requirements for the November 5, 2013, general election." Under the foregoing authority, this statement was sufficient to inform the public of the basis of the North Canton City Council's decision.

**{¶25}** We find that the reasoning for the emergency in the case at bar is stated with sufficient detail, and it is not conclusory, illusory, or tautological, in derogation of the rule set forth in *Walsh v. Cincinnati City Council* (1977), 54 Ohio App.2d 107, 111, 8 O.O.3d 208, 210-211, 375 N.E.2d 811, 814. The preamble to the ordinance in this case states that the Ordinance was "declared to be an emergency measure necessary for the preservation of health, safety and peace of the City of North Canton and further necessary to meet the Stark County Board of Election's filing deadline for the November 5, 2013, general election" is sufficient. *Abrams,* 62 Ohio St.3d at 133, 580 N.E.2d at 13. Furthermore, the council's ordinance took effect immediately upon passage and thereby satisfied the immediacy requirement. *See Walsh* at 110-111, 375 N.E.2d at 813-814, citing *State ex rel. Lipovsky v. Kizak* (1968), 15 Ohio St.2d 27, 238 N.E.2d 777.

**{¶26}** Therefore, because the city council satisfied the "emergency" exception in R.C. §731.30, the statutory referendum procedure was not applicable to the ordinance in question. Appellant's sole Assignment of Error is overruled.

**{¶27}** For the foregoing reasons, the decision of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By: Wise, J.
Gwin, J., concurs.
Hoffman, P. J., disssents.

JWW/d 0702

*Hoffman, P.J., dissenting*

{¶28} I respectfully dissent from the majority opinion.

{¶29} While I agree North Canton City Ordinance No. 47-13 expressly and sufficiently states the reasons why it was necessary to pass the ordinance as an emergency at to "when" it was passed; i.e., the time restrictions found in Charter Section 4.04 and the Stark County Board of Election's filing requirements - I find the Ordinance's declaration as to "why" it was passed as an emergency measure - that is that it was "necessary for the preservation of health, safety and peace of the City of North Canton" is conclusory, illusory and tautological.

{¶30} Lest my dissent be misunderstood, I offer no opinion as to the merits of the enacted pay raises. I dissent because I find no enunciated nor proffered nexus between the enactment of the pay raises and the preservation of the public peace, health or safety of the City of North Canton, let alone why passage of the pay raises as an "emergency" was necessary to maintain the same.

{¶31} The pay raise ordinance could have been proposed and adopted via the normal legislative process at an earlier time that would have satisfied the time restrictions of both Charter Section 4.04 and the Stark County Board of Elections. Failure to do so earlier had the effect of self-generating the reason for the purported emergency. The passage of the ordinance as an emergency measure effectively thwarted the ability to challenge the ordinance by referendum prior to the effective date of the pay raises.

**{¶32}** I find no threat to the public health, safety and peace of the City of North Canton existed to justify passage of the ordinance as an "emergency" measure.

_____

HON. WILLIAM B. HOFFMAN