# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 106716

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL BAKER

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-11-550445-A, CR-11-552482-A,
and CR-16-602937-A

**BEFORE:** Blackmon, J., Stewart, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** October 4, 2018

**ATTORNEY FOR APPELLANT**

Craig W. Smotzer
Law Office of Craig W. Smotzer, L.L.C.
11510 Buckeye Road
Cleveland, Ohio 44104


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Glen Ramdhan
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Michael Baker ("Baker") appeals from the trial court's imposition of a 270-day prison sentence and its ordering restitution and assigns the following errors for our review:

    I.      The trial court erred in imposing consecutive sentences.

    II.     The trial court erred by sentencing the appellant to a prison term in a duration of days.

    III.    The restitution amount ordered by the trial court is in error.

**{¶2}** Having reviewed the record and pertinent law, we affirm the decision of the trial court but remand for the limited purpose of issuing a nunc pro tunc order incorporating the required statutory findings for consecutive sentences. The apposite facts follow.

**{¶3}** On November 26, 2012, Baker pled guilty to two fifth-degree felonies, and the court sentenced him to five years of community control sanctions in Cuyahoga C.P. Nos. CR-11-550445-A and CR-11-552482-A. On May 26, 2016, Baker pled guilty to a fourth-degree felony and two misdemeanors, and the court sentenced him to two years of community control sanctions in Cuyahoga C.P. No. CR-16-602937-A.

**{¶4}** On December 14, 2017, the court found Baker to be in violation of his community control sanctions in all three cases and sentenced him to 90 days in prison for each felony, to run consecutively, for a total of 270 days in prison. Additionally, the trial court ordered Baker to pay restitution, although the court failed to include this in the sentencing journal entry.

**{¶5}** Baker appealed, and on May 8, 2018, this court sua sponte remanded the two 2011 cases to the trial court to issue "nunc pro tunc entries incorporating the amount of restitution into the journal entries of sentence." On June 21, 2018, the court issued the nunc pro tunc entries, ordering that Baker pay restitution in the amount of $57,384.41 in CR-11-550445-A, and $32,262.04 in CR-11-552482-A, for a total of $89,464.45.

## Consecutive Sentences

**{¶6}** "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Pursuant to R.C. 2929.14(C)(4), the court must find consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and at least one of the following three factors:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶7}** In running Baker's three 90-day prison sentences consecutively, the trial court stated the following at the sentencing hearing:

> And I find that it's necessary for a consecutive sentence in order to punish the offender and that it is not disproportionate to the seriousness of the conduct. And that two or more of the offenses are a part of one or more courses of conduct. And the harm caused is so great or unusual that a single prison term would not adequately reflect the seriousness of the conduct.

**{¶8}** Upon review, we find that the trial court's findings satisfy R.C. 2929.14(C)(4). However, the state concedes that the court failed to incorporate its findings into the sentencing journal entry. "A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3199, 16 N.E.2d 659, ¶ 30.

**{¶9}** Accordingly, Baker's first assigned error is overruled in part and sustained in part. Case remanded for the limited purpose of issuing a nunc pro tunc entry in compliance with *Bonnell*.

## R.C. 2929.15(B)(1)(c)(i) and (ii)

{¶10} R.C. 2929.15(B) governs the penalties a court may impose on an offender who violates his or her community control sanctions. One of the discretionary penalties is a prison term. R.C. 2929.15(B)(1)(c). If the violation is "technical" in nature, and the community control sanction stemmed from a fifth-degree felony, "the prison term shall not exceed ninety days." R.C. 2929.15(B)(1)(c)(i). If the violation is "technical" in nature, and the community control sanction stemmed from a fourth-degree felony "that is not an offense of violence and is not a sexually oriented offense * * *, the prison term shall not exceed one hundred eighty days." R.C. 2929.15(B)(1)(c)(ii).

{¶11} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under" R.C. Chapter 2929 or (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

{¶12} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

{¶13} Baker first argues that his 270-day sentence,

in its aggregate form, falls outside the statutory range recently set by the Ohio legislature. HB 49 had restricted felonies of the fifth degree to be not served any longer than ninety days in prison. The trial court has attempted to sidestep the recent caps on sentences for fourth and fifth-degree felonies and issued a sentence contrary to law.

However, the Ohio Supreme Court has held that a

defendant has no constitutional right to concurrent sentences for two separate crimes involving separate acts. [Additionally,] if the sentence for a particular offense is not disproportionately long, it does not become so merely because it is consecutive to another sentence for a separate offense or because the consecutive sentences are lengthy in aggregate.

*State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 18, quoting *State v. Berger*, 212 Ariz. 473, 479, 134 P.3d 378 (2006).

{¶14} Upon review, we find that each of Baker's three 90-day prison sentences is within the statutory range for violating a community control sanction imposed for a fourth- or fifth-degree felony.

{¶15} Baker next argues that "there is a uniformity issue," because by imposing 90-day sentences pursuant to R.C. 2929.15(B), the court failed to comply with R.C. 2929.14(A)(5). This argument is without merit. R.C. 2929.14(A)(5) sets the basic prison term for a fifth-degree felony conviction. However, Baker was sentenced for a

community control sanction violation, and the court need not comply with R.C. 2929.14(A)(5) in imposing this sentence.

{¶16} Accordingly, Baker's second assigned error is overruled.

## Restitution

{¶17} Baker argues that, although the court ordered him to pay restitution as part of his sentence, "the sentencing journal entry reflects no set amount of restitution." This error was corrected via a nunc pro tunc entry as a result of this court's sua sponte remand. "The rule is well established in this state that a court of record speaks only through its journal [entries] and not by oral pronouncement or a mere minute or memorandum." *Schenley v. Kauth*, 160 Ohio St. 109, 111, 113 N.E.2d 625 (1953).

{¶18} As stated earlier in this opinion, the trial court issued nunc pro tunc journal entries in the two 2011 cases ordering Baker to pay $89,464.45 in restitution for unpaid child support. We note that, at the December 14, 2017 sentencing hearing, the court talked about an additional $6,907.69 that Baker also allegedly owed for child support; however, this amount is not reflected in the court's journal entries. Therefore, $89,464.45 is the proper amount of restitution according to the record before us.

{¶19} Baker's third and final assigned error is overruled.

{¶20} Sentence affirmed. Case remanded for the limited purpose of issuing a nunc pro tunc entry incorporating the required statutory findings for consecutive sentences.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for the issuance of a nunc pro tunc entry and for   execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON,   JUDGE

MELODY J. STEWART, P.J., and
ANITA LASTER MAYS, J., CONCUR