[Cite as *State v. Wodarski*, 2022-Ohio-1428.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                    Court of Appeals No.  OT-21-021

       Appellee                              Trial Court No.  2018-CR-267

v.

Dana Wodarski                               **DECISION AND JUDGMENT**

       Appellant                             Decided:  April 29, 2022

* * * * *

James VanEerten, Ottawa County Prosecuting Attorney, and
Daivia S. Kasper, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Dana Wodarski, appeals the August 31, 2021 judgment of the Ottawa County Court of Common Pleas which, following appellant's admission to a community control violation, sentenced him to a total of 270 days of incarceration. Because we find that the sentence was not contrary to law, we affirm.

## I. Relevant Background

{¶ 2} Following an indictment charging seven fifth-degree felonies, two first-degree misdemeanors, and two second-degree misdemeanors, appellant entered a guilty plea to three fifth-degree felonies, unauthorized use of a motor vehicle, identity fraud and receiving stolen property, and one OVI first-degree misdemeanor. On May 3, 2019, appellant was sentenced to consecutive nine-month sentences for the felonies and a 180-day sentence for the misdemeanor. The sentences were suspended and appellant was placed on three years of community control.

{¶ 3} Following his first community control violation admission and adjudication on March 30, 2020, appellant was again charged with a community control violation. Appellant admitted the violation. On August 31, 2021, appellant was sentenced to 90 days in jail for each of the felony counts and the sentences were ordered to be served consecutively for a total of 270 days of incarceration. This appeal followed.

## II. Assignment of Error

I. The trial court erred by imposing consecutive sentences for a technical violation of community control in violation of R.C. 2929.15(B)(1)(c)(i).

## III. Discussion

{¶ 4} In appellant's sole assignment of error, he argues that the trial court's imposition of consecutive 90-day sentences for a community control violation was

contrary to law. A sentence is not clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b) where the trial court has considered the relevant statutory factors and sentenced the defendant within the statutorily-permissible range. *See State v. Montez*, 6th Dist. Lucas No. L-21-1086, 2022-Ohio-640, ¶ 13.

{¶ 5} The question before this court is the proper interpretation of a statute. We review such questions of law de novo. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9. In determining legislative intent, a court must look to the language of the statute. *Id*. at ¶ 10. Words used in a statute are to be taken in their usual, normal, and customary meaning. *State ex rel. Pennington v. Gundler*, 75 Ohio St.3d 171, 173, 661 N.E.2d 1049 (1996), citing R.C. 1.42. Further, in general criminal statutes must be strictly construed against the state and liberally construed in favor of the accused. *State v. Britton*, 6th Dist. Lucas Nos. L-06-1265, L-06-1266, 2007-Ohio-2147, ¶ 10, citing *State v. Jordan*, 89 Ohio St.3d 488, 492, 733 N.E.2d 601 (2000); R.C. 2901.04(A).

{¶ 6} The statute at issue, R.C. 2929.15(B)(1), provides, in relevant part:

> (B)(1) If the conditions of a community control sanction imposed for a felony are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose on the violator one or more of the following penalties:
>
> * * *

3.

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree, the prison term shall not exceed ninety days, provided that if the remaining period of community control at the time of the violation or the remaining period of the suspended prison sentence at that time is less than ninety days, the prison term shall not exceed the length of the remaining period of community control or the remaining period of the suspended prison sentence. If the court imposes a prison term as described in this division, division (B)(2)(b) of this section applies.

{¶ 7} Appellant argues that the statute clearly limits the total period of incarceration to 90 days regardless of the number of felonies for which the defendant had been sentenced. Conversely, the state asserts that the sentence was not contrary to law where the court limited the sentences to 90 days for each felony and made the proper findings to impose consecutive sentences under R.C. 2929.14(C)(4).

{¶ 8} Appellant relies on a Twelfth Appellate District decision to support his assertion that because one or more felonies is subject to the 90-day limitation for

4.

technical violations of community control, it follows that multiple violations are capped at a 90-day total sentence. *State v. Bishop*, 2019-Ohio-592, 132 N.E.3d 145 (12th Dist.). In *Bishop*, the court reversed the trial court's determination that because the statute referred to a felony as singular, the defendant could not be sentenced to a 90-day incarceration term under R.C. 2929.15(B)(1)(c)(i) for multiple felony violations.

{¶ 9} The court noted that in construing the meaning of a statute

> [t]he Ohio Supreme Court has cautioned against "making fine distinctions about the meaning of a statute based upon its use of the singular form of a word." *State v. D.B.*, 150 Ohio St.3d 452, 2017-Ohio-6952, 82 N.E.3d 1162, ¶ 16. "Indeed, the General Assembly has specifically instructed us to read statutes so that '[t]he singular includes the plural, and the plural includes the singular.'" *Id.*, quoting R.C. 1.43(A).

*Id.* at ¶ 14. In rendering its decision the court did not address the issue of consecutive sentencing for a community control violation relating to multiple fifth-degree felony convictions.

{¶ 10} When sentencing a defendant on a community control violation the court, as in any criminal sentencing, "'must consider each offense individually and impose a separate sentence for each offense.'" *State v. Monroe*, 2d Dist. Clark No. 2018-CA-124, 2020-Ohio-597, ¶ 47, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9. The *Monroe* court stated:

5.

Nothing in the language of R.C. 2929.15(B)(1)(c) implies that the provisions do not apply simply because a defendant is serving community control for multiple felonies of different degrees. Upon revoking a defendant's community control for multiple counts, the trial court must consider each count separately, including the statutory limitations appropriate for each count, when determining the appropriate sentences.

*Id.  Accord State v. Baker*, 8th Dist. Cuyahoga No. 106716, 2018-Ohio-4027.  *See also State v. Randolph*, 5th Dist. Fairfield No. 17 CA 53, 2018-Ohio-4651(in analyzing R.C. 2929.15(B)(1)(c)(1), the court stated that the trial court has discretion to determine on community control violations whether to run the sentences concurrently or consecutively).

{¶ 11} In the present matter, it is undisputed that appellant committed a technical violation of the terms of his community control.  Reading the term "felony" as singular or plural and recognizing that for a community control violation the court must sentence a defendant as to each count, it follows that the 90-day sentence cap applies to each underlying felony conviction.  Importantly, the language of the statute does not offer any indication that consecutive sentences are precluded.  In fact, R.C. 2929.15(B)(1)(c) specifically references R.C. 2929.14, which, under section (C)(4), provides for the imposition of consecutive sentences.  *See State v. Mercado*, 6th Dist. Wood Nos. WD-21-029, WD-21-030, 2022-Ohio-030, ¶ 20.  As appellant does not argue any statutory

6.

deficiencies in relation to the actual imposition of the consecutive sentence itself, we find that his assignment of error is not well-taken.

### IV. Conclusion

{¶ 12} On consideration whereof, we affirm the August 31, 2021 judgment of the Ottawa County Court of Common Pleas.  Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                            JUDGE
Thomas J. Osowik, J.

                                                        _____
Myron C. Duhart, P.J.                          JUDGE
CONCUR.

                                                        _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.